UNITED STATES DISTRICT COURT
Western District of North Carolina

FILED
ASHEVILLE, N.C.
93 JUL 26 PM 4: 37
U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES OF AMERICA

v.

Case Number CR B-92-134-01

WARREN WAYNE SHINKMAN
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, WARREN WAYNE SHINKMAN, was represented by Jack W. Stewart.

On motion of the United States the court has dismissed count(s) 3 & 4.

The defendant was found guilty on count(s) 1 & 2 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2241(c) 1152 | Engage in and attempt to engage in sexual act w/Indian female who had not attained the age of 12 years | 9/16/92 | 1 |
| 18 USC 2244(a)(1) 1152 | Engage in and cause sexual contact w/Indian female who had not attained the age of 12 years | 9/16/92 | 2 |

As pronounced on July 19, 1993, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 100.00, for count(s) 1 & 2, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 26th day of July, 1993.

*Richard L. Voorhees*
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 9-17-64
Defendant's address: Buncombe County Jail, Asheville, N.C. 28801

AO 245 S (Rev. 4/90)(W.D.N.C. rev.) Sheet 2 - Imprisonment

Defendant: WARREN WAYNE SHINKMAN
Case Number: CR B-92-134-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Count 1: 240 months; Count 2: 120 months to run concurrently with Count 1.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

at _____ Defendant delivered on _____ to _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment--Page 3 of 5

Defendant: WARREN WAYNE SHINKMAN
Case Number: CR B-92-134-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: Count. 1: 5 Count 2: 3 years, to run concurrently with Count 1.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.
3. The defendant shall not own or possess a firearm or destructive device.
4. Obey standard conditions of supervised release.
5. Participate in a program of mental health treatment as directed by Probation Office.
6. Pay cost of court-appointed counsel, without interest, on a schedule approved by Probation Office.
7. Participate in a program of drug and alcohol treatment and testing as directed by the Probation Office.

---

Defendant shall be denied any federal benefits for 5 years.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 5 - Fine

Judgment--Page 4 of 5

Defendant: WARREN WAYNE SHINKMAN
Case Number: CR B-92-134-01

## FINE

The defendant shall pay a fine of $ 2,000.00. This fine includes any costs of incarceration and supervision.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

This fine to be paid immediately.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Sheet 5 - Fine

Case 2:92-cr-00134-MR-DLH   Document 17   Filed 07/26/93   Page 4 of 5

AO 245 S (Rev. 4/90)(W.D.N.C. rev.) Sheet 7 - Statement of Reasons

Judgment--Page 5 of 5

Defendant: WARREN WAYNE SHINKMAN
Case Number: CR B-92-134-01

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**
Total Offense Level: 37
Criminal History Category: I
Imprisonment Range: 210 months to 262 months
Supervised Release Range: 3 to 5 years
Fine Range: $ 2,000 to $ 200,000
Restitution: $

The fine is waived or is below the guideline range because of the defendant's inabilty to pay.

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): Guideline range = 52 months. Sentence falls within 52 month range. The sentence is in the middle of the range because the Court finds no reason to adjust upward or downward within the range.